J-S03018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IAN XAVIER MAUTE | : | |
| | : | |
| Appellant | : | No. 1653 EDA 2018 |

Appeal from the PCRA Order May 9, 2018
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000032-2013,
CP-52-CR-0000508-2012, CP-52-CR-0000518-2012

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                                **FILED MAY 10, 2019**

Appellant, Ian Xavier Maute, appeals from an order entered on May 9, 2018 that denied his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We quash.

The PCRA court summarized the factual background of this case as follows.

> [Appellant] in this matter was convicted of two (2) counts of robbery, two (2) counts of possession of instruments of a crime, criminal solicitation, reckless endangerment of another person, and related crimes, following a jury trial.  Appellant was sentenced to not less than ten and one-half [10½] years nor more than twenty-five (25) years of incarceration in a state correctional facility.  On January 22, 2014, Appellant's post-sentence motion for arrest of judgment, new trial, and reconsideration of sentence was denied.  On February 19, 2014, Appellant filed his first appeal to [this Court].  On March 5, 2014, [this Court affirmed Appellant's judgment of sentence].

On November 18, 2016, [Appellant] filed a petition for post-conviction collateral relief ("petition"). On July 3, 2017, Appellant filed a [request] to amend [his collateral relief] petition and a petition for funds for an expert witness. On July 11, 2017, th[e PCRA court] granted [Appellant's] petition to file an amended petition within twenty (20) days, but withheld action on his request for funds pending the filing of an amended petition. On August 28, 2017, th[e PCRA c]ourt issued an order directing Appellant to file an amended petition in accord[ance] with the order dated July 11, as Appellant had not yet filed same.

On September 5, 2017, Appellant filed an amended petition [pursuant to the PCRA] and an evidentiary hearing was scheduled for March 20, 2018. Immediately following the March 20 hearing, the [PCRA c]ourt granted counsel for the Appellant thirty (30) days after submission of the hearing transcript in which to file a brief and the Commonwealth was afforded thirty (30) days thereafter to respond. On March 20, 2018, counsel for [Appellant] filed a motion for transcripts, which was granted by April 4, 2018. On May 9, 2018, th[e PCRA c]ourt entered an order denying [Appellant's] PCRA [petition]. On June 5, 2018, Appellant filed the appeal *sub judice*[.]

PCRA Court Opinion, 8/22/18, at 1-2 (miscellaneous capitalization omitted).

Appellant raises the following claims for our review.

[Did the] PCRA court fail[] to give [Appellant] a fair and impartial post-conviction proceeding, as demonstrated by repeated failure to serve counsel of record with orders and documents, failure to respond to pre-hearing filings, disregard of the timeline the court set for brief in support of the PCRA, and rendering a verdict on the PCRA without consideration of arguments by counsel[?]

[Did the] PCRA court erred when it found counsel was not ineffective for failing to investigate and procure an eye witness expert, which was a reasonable extension of the law being argued throughout the Commonwealth, and which was the basis for the defense at trial[?]

[Did the] PCRA court err[] in failing to grant expert witness funds for the PCRA[?]

[Did the] PCRA court err[] when it found that trial counsel was not ineffective for his failure to object **on the record** to the [***Brady v. Maryland***, 373 U.S. 83 (1963)] violation at trial:  the failure to provide defense with a copy of a key witness's first written statement[?]

[Did the] PCRA court err[] in finding that there is no merit to the argument that trial counsel had a valid basis for requesting recusal of the trial Judge, and the failure to request the recusal was ineffective assistance of counsel, especially when the district attorney's office (including the district attorney who was at the PCRA hearing) [requested] recusal of that judge, for the same reasons averred in the PCRA, in other cases in the same period[?]

Appellant's Brief at 8-9.[1]

Before we consider the merits of Appellant's claims, we first determine whether this appeal is properly before us.  Appellant, on June 5, 2018, filed a single notice of appeal listing three docket numbers, rather than separate notices of appeal at each docket in accordance with Pa.R.A.P. 341.  Because of this procedural misstep, we are constrained to quash.

In ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), our Supreme Court recognized that the "Official Note to Rule 341 provides a bright-line mandatory instruction [] to file separate notices of appeal.... The failure to do so requires the appellate court to quash the appeal."  ***Id***. at 976-977.  The Court, however, determined that the failure to file separate notices of appeal would result in quashal only for appeals filed after the date of that decision, *i.e.*, June 1, 2018.  The instant appeal was filed on June 5, 2018. Therefore, the rule announced in ***Walker*** governs.

_____

[1] Appellant withdrew a claim alleging that his sentence was illegal.

On July 30, 2018, this Court issued an order directing Appellant to show cause why the appeal should not be quashed pursuant to *Walker*. Appellant filed a counseled response. In his response, Appellant pointed out that he took his appeal from a single order that dismissed collateral claims at all three dockets, that the *Walker* case was not yet final when the appeal was docketed, and that all three cases proceeded along identical procedural lines both before the trial court and on direct appeal. *See* Appellant's Response to Rule to Show Cause, 7/31/18, at 2-3. Specifically, Appellant's response stated:

> [Appellant's] appeal of his PCRA should, in the first instance, be seen as separately docketed, as the notices of appeal all exist and the notices of appeal are all paid for. Further, the appeal should not be quashed because [Appellant's case] is not representative of the type of cases which would require a separate notice of appeal, as all procedural aspects of his case have gone together and been dealt with in a single hearing/order including trial, direct appeal and PCRA. Finally, the case should not be quashed because at the time of the *Walker* decision it was counter to the rules as commonly understood by practitioners and the case law in the Commonwealth. Finally, at the time of the appeal being docketed *Walker* was not yet final and, arguably, the *Walker* Court believes the rule change should come with clarification of the Rule or Official Notice, and not even from the case itself.

Appellant's Response to Rule to Show Cause, 7/31/18, at 3-4. By order entered September 26, 2018, this Court discharged its rule to show case and referred the matter to this merits panel.

We are unable to agree with Appellant's proffered grounds to forgo quashal. Neither payment of appellate fees nor consolidated treatment of separately docketed cases constitute reasons to distinguish *Walker*. *Walker*

- 4 -

mandates that, after June 1, 2018, failure to file separate notices in accordance with the Official Note to Rule 341(a) "will result in quashal of the appeal." ***Walker***, 185 A.3d at 977. The Supreme Court did not carve out any exceptions and we have no authority to do so. Moreover, the plain text of the commentary to Rule 341 states, "Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, **separate notices of appeal must be filed**." Pa.R.A.P. 341 cmt. Accordingly, we reject Appellant's claim that the present circumstances do not call for the filing of separate notices of appeal at each docket number. Therefore, we quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/19